**In the Matter of the ESTATE OF Arlin C. FALCK, Deceased,**

**Kathleen V. Nelson, Trustee of the Arlin C. Falck Living Trust and Executor of the Last Will and Testament of Arlin C. Falck, Deceased, Appellant.**

**No. 03–0367.**

Supreme Court of Iowa.

Dec. 17, 2003.

David J. Dutton and Carolyn A. Rafferty of Dutton, Braun, Staack & Hellman, P.L.C., Waterloo, for appellant.

Robert J. Cowie, Jr. and Donald H. Gloe of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.L.C., Decorah, for appellee Kirkeby Welding & Machinery.

WIGGINS, Justice.

Kirkeby Welding & Machinery (Kirkeby) provided Arlin C. Falck (Arlin) welding services during his lifetime. Upon Arlin's death, Kirkeby filed a claim against the Arlin Falck Living Trust (Trust) for payment of those services. The trial court entered judgment against the Trust in favor of Kirkeby. Ten and one-half months after judgment entry, the Trust filed a motion to set aside the judgment asserting the trial court did not have subject matter jurisdiction to decide the claim. The trial court overruled the motion. The Trust appeals this ruling. For the reasons that follow, we conclude the trial court had subject matter jurisdiction over the claim and affirm the ruling.

## I. Background Facts and Proceedings.

In 1988, Arlin executed a will leaving his property to a testamentary trust for the benefit of his spouse, Maxine, and his only son, Jerry. The 1988 will required the trustee to pay five percent of the initial fair market value of the assets of the trust annually to Maxine and Jerry. Jim L. Nichols (Nichols) and Marquette Bank of Rochester, Minnesota (Marquette) were nominated as co-executors and co-trustees.

Arlin revoked the 1988 will by executing a new will in 1993. The 1993 will left Arlin's property to the Trust. Arlin created the Trust at the same time he executed the 1993 will.

Arlin amended the Trust in June of 1995. The amendment named Kathleen V. Nelson (Nelson) as the sole trustee. The Trust designated its situs as Caledonia, Minnesota. During Arlin's lifetime, the Trust paid him its net income. Arlin retained the right to withdraw principal on request. Upon Arlin's death, Maxine was to receive $30,000 annually and Jerry was to receive $10,000 annually. At Maxine's death, Jerry's annual allowance increased to $30,000. Upon the death of Maxine and Jerry, the remainder was to be distributed to various charities.

In July of 1995, Arlin executed a third will. This will revoked all prior wills. It declared Hidalgo County, Texas as Arlin's residence and domicile. He named Nelson as executor. He left all his property to the Trust.

Arlin died on September 2, 1995. At the time of his death, his assets were valued in excess of $7.5 million. Under the 1988 will, Maxine and Jerry would be entitled to receive over $350,000 annually. The 1995 bequest entitled Maxine and Jerry to receive only $40,000 annually.

Nelson filed the 1995 will for probate in Hidalgo County, Texas on September 6, 1995. On October 31, 1995, Maxine filed the 1988 will for probate in Winneshiek County, Iowa. The Iowa court issued letters of appointment to Nichols and Marquette as co-executors (Executors). On November 27, 1995, Nelson, as trustee of the Trust, filed a petition to set aside the 1988 will, alleging the execution of the 1993 and 1995 wills revoked the 1988 will. On January 16, 1996, the Executors filed a request asking the trial court to issue an injunction enjoining Nelson from dealing with any of Arlin's assets.

Meanwhile, Kirkeby filed its claim against the Trust on January 24, 1996. The claim was for $2,813.57. The clerk of

court mailed copies of the claim to the Executors.

On January 31, 1996, Nelson filed a motion to dismiss the injunction. She alleged she was not a party to the estate, either individually or in her capacity as trustee, thus the court did not have jurisdiction over her or the Trust. The trial court overruled the motion to dismiss finding that Nelson as trustee had "submitted to the jurisdiction of the court by instituting proceedings in this case, and because she was duly served with the notice of the petition for injunction."

The Trust filed a motion for summary judgment on March 6, 1996, requesting judgment on its petition to set aside the will. On April 9 the trial court concluded the 1993 and 1995 wills revoked the 1988 will. The court terminated the administration of the estate under the 1988 will and imposed a constructive trust on the assets. It ordered the Executors to preserve the assets of the estate that they collected as a receiver would. The constructive trust was to continue until the 1995 will was admitted to probate in either Iowa or Texas.

The Executors filed their final report on July 9, 1996, requesting substantial fees. The report also listed Kirkeby's claim. The Trust filed objections to the fee request but not to Kirkeby's claim.

By this time, Arlin's death generated litigation in Iowa, Texas, and Minnesota over the distribution of his assets. On August 6, 1996, the trial court entered an order continuing indefinitely the trial on the objections to the final report until the pending litigation concluded.

In October 1997 the parties advised the trial court the pending litigation had been settled. The Trust was a party to the written settlement agreement. The settlement agreement allowed the 1995 will to be probated in Texas. The agreement settled most of the claims made in the litigation. The agreement excluded the settlement of the fee and tax matters arising out of the attempted probate of the 1988 will. There was no mention of Kirkeby's claim in the settlement agreement. None of the parties gave Kirkeby notice of the settlement.

The Executors filed an amended final report on January 4, 2001. The amended final report listed Kirkeby's claim. The trial court entered an order requiring notice of the amended final report be given to all interested parties and set the report down for trial. Upon receipt of the amended final report and notice of trial, Kirkeby filed an amended claim against the Trust in the sum of $6,178.19. Accrued interest accounted for the additional sums in Kirkeby's amended claim. The clerk of court mailed notice of the amended claim to Nichols and Marquette. The Trust did not receive copies of the amended claim. The Trust filed further objections to the fee request contained in the amended final report but did not object to Kirkeby's claim.

The trial on the objections to the amended final report took place on September 20. Kirkeby offered testimony in support of its claim. The Trust chose not to cross-examine Kirkeby's witness. It did not call any witnesses or offer any exhibits. Instead, the Trust made the following objection:

First of all, for the record I lodge an objection that there is no estate in Iowa for Arlin Falck. This court has no jurisdiction at this time to make any award on a nonexistent estate. Thirdly, the claim was not timely filed, nor was it timely passed on by anyone who claimed to have authority to allow the claim. [Fourth], the interest charges are usurious and not justified under the law or

any private agreement. [Fifth], the exhibits that have been offered which simply deal with finance charges are confusing and start with October, go down to February, and then seem to start over again. I am not a person of numbers, but I am totally at a loss as to how to understand such a document.

I would also point out that in the Final Report there is no request by the Marquette Trust Company or Jim L. Nichols that a different amount, namely $2,897.40, be awarded. So that there is no recommendation or determination by even the people who were deposed as co-executors that this bill be allowed.

The Trust did not make an objection to the trial court's subject matter jurisdiction over Kirkeby's claim.

At the conclusion of the trial, the trial court issued an order granting the parties additional time to file post-trial briefs. The Trust's post-trial brief did not mention Kirkeby's claim.

The trial court awarded fees to the Executors and their attorneys in excess of $300,000. The court also entered judgment against the Trust in the sum of $6,178.16 plus interest on Kirkeby's claim.[1] The Trust filed a motion to enlarge findings of facts and conclusions of law under Iowa Rule of Civil Procedure 1.904(2). This motion did not raise any issues as to Kirkeby's claim. The motion was overruled and the Trust filed a notice of appeal.

The Trust filed its final appellate brief on August 12, 2002. The Trust did not raise any issues in its brief regarding Kirkeby's claim.[2]

The Trust collaterally attacked Kirkeby's judgment by filing a motion to set aside the judgment in September 2002. The Trust claimed the trial court lacked subject matter jurisdiction over Kirkeby's claim. The trial court overruled the motion to set aside the judgment.

## II. Challenges to Subject Matter Jurisdiction.

A party can raise subject matter jurisdiction at any time in the proceeding. *In re Estate of Dull,* 303 N.W.2d 402, 406 (Iowa 1981). If a court enters a judgment without jurisdiction over the subject matter, the judgment is void. *In re Gardiner,* 287 N.W.2d 555, 559 (Iowa 1980). A void judgment is subject to a collateral attack. *Hutcheson v. Iowa Dist. Court,* 480 N.W.2d 260, 262 (Iowa 1992). Unlike personal jurisdiction, a party cannot waive or vest by consent subject matter jurisdiction. *In re Estate of Dull,* 303 N.W.2d at 406. A party cannot confer subject matter jurisdiction on the court by an act or procedure. *Id.*

In *Christie v. Rolscreen Co.,* we distinguished subject matter jurisdiction from the court's "lack of authority to hear a particular case," also referred to as "lack of jurisdiction of the case." 448 N.W.2d 447, 450 (Iowa 1989). "Subject matter jurisdiction" refers to the power of a court to deal with a class of cases to which a particular case belongs. *Id.* A constitution or a legislative enactment confers subject matter jurisdiction on the courts. *Hutcheson,* 480 N.W.2d at 263. Although a court may have subject matter jurisdiction, it may

---

1. The record does not explain the discrepancy between the amount of the claim as filed, $6,178.19, and the amount of the claim as allowed, $6,178.16.

2. The Court of Appeals decided the direct appeal. The only issue raised by the Trust was the fee award to the Executors and their attorneys. The Court of Appeals reversed the fee award. *In re Estate of Falck,* 665 N.W.2d 440 (Iowa Ct.App.2003) (table).

lack the authority to hear a particular case for one reason or another. *Christie*, 448 N.W.2d at 450. In *Christie* we held a party could raise the court's authority to hear a particular case at any time during the proceeding. *Id.*

■ The court's authority to hear a particular case was further articulated in *State v. Mandicino*, 509 N.W.2d 481, 482–83 (Iowa 1993). There, we held "where subject matter jurisdiction exists, an impediment to a court's *authority* can be obviated by consent, waiver, or estoppel." *Mandicino*, 509 N.W.2d at 483 (emphasis in original). Later, we interpreted the *Mandicino* decision as meaning that "a court's lack of authority is not conclusively fatal to the validity of an order." *See In re Marriage of Seyler*, 559 N.W.2d 7, 10 n. 3 (Iowa 1997). Thus if a party waives the court's authority to hear a particular case, the judgment becomes final and is not subject to collateral attack. *See Morris Plan Co. of Iowa v. Bruner*, 458 N.W.2d 853, 855–56 (Iowa Ct.App.1990). These principles are consistent with the well-settled point of law that in the presence of an error or irregularity a party cannot collaterally attack an order or ruling made by the court over which it has subject matter jurisdiction. That judgment is voidable, not void. *Davis v. Rudolph*, 242 Iowa 589, 595–96, 45 N.W.2d 886, 890 (1951). This law directs us to the question of whether the judgment entered against the Trust on Kirkeby's claim was void for lack of subject matter jurisdiction allowing the Trust to attack it collaterally.

The trial court reasoned Kirkeby as an "interested party" invoked the jurisdiction of the court by filing its claim under Iowa Code section 633.10(4) (2001) which states in relevant part:

The district court sitting in probate shall have jurisdiction of:

4. *Trusts and trustees.*

*a.* Except as otherwise provided in this subsection … the administration of express trusts where the administration of the court is invoked by the trustee, beneficiary, or any interested party....

This section was in effect at the time Kirkebys original claim and the original final report were filed.

The Trust claims the trial court misapplied this subsection because Kirkeby did not have the authority to invoke the jurisdiction of the court under subsection d. Iowa Code section 633.10(4)(*d*) (2001) states in relevant part:

*d.* A trust that is administered solely or jointly by an individual trustee or trustees is not subject to the jurisdiction of the court unless jurisdiction is invoked by a trustee or beneficiary, or if otherwise provided by the governing instrument....

This argument confuses subject matter jurisdiction with the court's authority to hear a particular case.

By 2001 when the Executors filed their amended final report and Kirkeby filed its amended claim, the legislature added Iowa Code section 633.6101 to the code. It stated:

1. The court has exclusive jurisdiction of proceedings concerning the internal affairs of a trust.

2. The court has concurrent jurisdiction of actions and proceedings to determine the existence of a trust, actions and proceedings by or against creditors or debtors of trusts, and other actions and proceedings involving trustees and third persons.

By the time of trial in September of 2002, section 633.6101 had been amended effective July 1, 2002. As amended it stated:

The district court has exclusive jurisdiction of proceeding concerning the inter-

nal affairs of a trust and of actions and proceedings to determine the existence of a trust, actions and proceedings by or against creditors or debtors of a trust, and any other actions and proceedings involving a trust and third persons.

Iowa Code § 633.6101 (2003). At the time of the July 1, 2002 amendment to Iowa Code section 633.6101, the legislature also added Iowa Code section 633.7101. It provided:

Notwithstanding any Code provision to the contrary, the provisions of this division shall prevail over any other applicable Code provision.

Iowa Code 633.7101 (2003). Section 633.6101 prevails over section 633.10 because it is in the same division of the code as section 633.7101.

■ At all times during the proceedings the trial court had subject matter jurisdiction over Kirkeby's claim. Iowa Code section 633.10(4)(*a*) conferred subject matter jurisdiction on the trial court when the original claim and final report were filed. When the amended claim and amended final report were filed and heard, Iowa Code section 633.6101 conferred subject matter jurisdiction on the trial court.

Iowa Code section 633.10(4)(*d*), if at all applicable, merely provides the procedural mechanism for granting the court authority to hear a particular case. The Trust's contention that the trial court misconstrued section 633.10 only goes to the court's authority to hear the case, making the judgment voidable not void. A voidable judgment is not subject to a collateral attack.

■ Alternatively, the Trust contends it did not receive the required notice of Kirkeby's claim under Iowa Code section 633.418, which effectively deprived the trial court of subject matter jurisdiction over the claim. If the trial court entered judgment on defective notice, the Trust cannot attack it collaterally unless there was what in law amounts to no notice. *Allen v. First Nat'l Bank*, 191 Iowa 492, 495, 180 N.W. 675, 676 (1920).

The trial court issued letters of appointment to the Executors on October 31, 1995. The Trust filed its Petition to Set Aside the Will on November 27, 1995. The Trust voluntarily submitted itself to the jurisdiction of the court by filing its petition. *Morse v. Morse*, 247 Iowa 1113, 1122–23, 77 N.W.2d 622, 627–28 (1956). The filing of its petition gave the trial court jurisdiction over the Trust for any purpose or for any cause of action properly joined in the proceedings. *Jack & Toner v. D.M. & Ft. D. R.*, 49 Iowa 627, 627 (1878).

Kirkeby filed its claim in duplicate with the clerk on January 24, 1996. The clerk mailed the claim to the Executors as required by Iowa Code section 633.418. Iowa Code section 633.418 did not require the clerk to give notice to the Trust or its attorney of record. On April 9, 1996, the trial court granted the Trust's motion for summary judgment and terminated the administration of the estate under the 1988 will.

Even though the court terminated the administration of the estate, the court could not discharge the Executors until the Executors served notice of the final report or an application for discharge on all interested parties. Iowa Code § 633.478 (2003). On July 9, 1996, the Executors filed their final report. The final report listed Kirkeby's claim as being unpaid. *See* Iowa Code § 633.477(12) (2003) (requiring statement in the final report specifying compliance with statutory requirements pertaining to claims and "whether all claims, including charges, have been paid ...."). The Executors mailed the fi-

nal report to the Trust's attorney of record. The Trust filed objections to the final report but did not make any objections to Kirkeby's claim.

The Executors filed an amended final report in January of 2001. The amended report listed Kirkeby's claim as unpaid. The Executors mailed a copy of the amended final report to the attorney of record for the Trust. The Trust filed further objections to the amended report but did not make any objections to Kirkeby's claim.

The court held the trial on the objections to the amended final report on September 20, 2001. There is no indication in the record that the Trust was surprised the trial included Kirkeby's claim. Kirkeby and the Trust appeared at trial. Kirkeby presented evidence on its claim. The Trust chose not to offer any evidence. The Trust did not raise an objection that it did not have notice the trial on the claim was being held on September 20. The Trust's post-trial brief did not raise any issues regarding Kirkeby's claim.

On November 9, 2001, the trial court found the Trust was subject to its jurisdiction and allowed Kirkeby's claim against the Trust. The Trust chose not to file a motion under Iowa Rule of Civil Procedure 1.904(2). The Trust chose not to appeal the allowance of Kirkeby's claim when it appealed the fee award.

It is well-settled law when a party appears at trial in person or by counsel with actual notice of the trial, this is sufficient notice for judgment to be entered against that party. This rule applies even if a claim had not been served on the party and a prayer for relief had not been made in any application. *Soppe v. Soppe,* 232 Iowa 1293, 1296–97, 8 N.W.2d 243, 245 (1943). Under these circumstances a party cannot collaterally attack a judgment on the grounds it did not receive proper no-

tice of the claim. *Id.* Even though a judgment may be erroneous, if the court has jurisdiction over the person and the subject matter, the judgment is conclusive on collateral attack. *Edgerly v. Sherman,* 252 Iowa 352, 359, 107 N.W.2d 72, 76 (1961).

The Trust's notice of Kirkeby's claim was sufficient notice to confer jurisdiction on the trial court. The Trust appeared at trial and participated in the proceedings. When a party is present in court or represented by counsel, an order allowing a claim is a final adjudication unless corrected on appeal. *See In re DePenning's Estate,* 244 Iowa 690, 702, 58 N.W.2d 9, 15 (1953). Any errors committed by the trial court were subject to a direct appeal by the Trust. The Trust cannot collaterally attack any deficiencies in the trial court's ruling.

### III. Disposition.

Because we conclude the trial court had subject matter jurisdiction over Kirkeby's claim, the Trust cannot attack the judgment collaterally. The trial court was correct in overruling the Trust's motion to set aside the judgment.

**AFFIRMED.**