**IN THE COURT OF APPEALS OF IOWA**

No. 17-1129
Filed December 5, 2018

**IN THE MATTER OF THE TERESA KASPARBAUER REVOCABLE LIVING TRUST,**

**MARIE EISCHEID, MARGUERITE NIELSEN, TERESA SMITH, ANNETTE FIRKUS, KATHLEEN KASPARBAUER, and MARY SMITH,**
        Defendants-Appellants.

_____

        Appeal from the Iowa District Court for Carroll County, Gary L. McMinimee, Judge.

        The defendants appeal from the district court's grant of partial summary judgment in favor of the plaintiffs. **AFFIRMED.**

        R. Scott Rhinehart of Rhinehart Law, PC, Sioux City, for appellants.

        James R. VanDyke of Law Office of James R. VanDyke, PC, Carroll, and Aaron W. Ahrendsen of Eich, Werden & Steger, PC, Carroll, for appellees.

        Heard by Danilson, C.J., and Potterfield and Doyle, JJ.

**POTTERFIELD, Judge.**

The six named appellants are siblings and beneficiaries of their deceased mother's trust—the Teresa Kasparbauer Revocable Living Trust. In a previous action, three of Teresa Kasparbauer's grandchildren—the children of a seventh sibling, Shirley Kerber—sued the six siblings[1] for a 1/7 share of the trust. The district court awarded them the share, and we affirmed. *See Kerber v. Eischeid*, No. 15-1249, 2016 WL 1696929, at *10 (Iowa Ct. App. Apr. 27, 2016).

Our supreme court denied the siblings' request for further review, and procedendo issued. The grandchildren then filed a second action in district court, asking the court to take jurisdiction of the trust, remove siblings Marie and Marguerite as trustee and successor trustee respectively, order an accounting, and stay further distributions or spending of trust assets (unless court approved). The district court granted each of the requests when it granted their motion for partial summary judgment. The trust and siblings then filed this appeal.

Here, the trust and siblings argue: (1) the trust's due process rights were violated because the trust was not a named party and did not have notice of the first action, (2) the statute of limitations in Iowa Code section 633A.3108 (2017) prevents the grandchildren from bringing the second action, (3) the district court violated the constitutional rights of the trust when it granted the grandchildren's motion for partial summary judgment, and (4) the doctrine of collateral estoppel

---

[1] Originally, the grandchildren also sued their uncle Paul. He moved to be dismissed from the first action, and the grandchildren did not resist it. Paul is not party to the second action.

and res judicata prevents the grandchildren from raising claims against the trust that they initially raised against the siblings in the first action.

**I. Background Facts and Proceedings.**

The grandchildren filed the action at issue in this appeal in February 2017. They advised the court they had been declared 1/7 beneficiaries of the Teresa Karparbauer Trust and asked the court to invoke jurisdiction over the trust pursuant to Iowa Code section 633A.6101(1); to order a full accounting of the trust, to require Marie and Marguerite to reimburse the trust all of the assets they spent themselves—including the more than $100,000 in legal fees paid for the first action; to remove Marie and Marguerite as trustee and successor trustee; and to compel distribution and resolution of the trust, which, by its terms, was meant to be distributed within two years from the date of Teresa's death.

The siblings and trust responded by filing a motion to dismiss the petition. They asserted that the grandchildren's claims were barred by the statute of limitations in sections 633A.3108 and .3109. They also maintained that collateral estoppel and res judicata barred the grandchildrens' claims, as they "have previously attempted to establish their rights to damages against Marie Eischeid and Marguerite Nielson but failed to prove damages at trial."

The court set a hearing on the motion to dismiss, and the grandchildren resisted the motion. They argued that they were not challenging the validity of the trust but rather the internal affairs of the trust; they maintained their petition was timely.

Following the hearing,[2] the district court denied the trust and siblings' motion to dismiss.

The siblings and trust then filed a motion for summary judgment, making substantially the same arguments as they had in the motion to dismiss.

The court denied their motion, ruling the statute of limitations found in section 633A.3108 was not applicable, as the grandchildren's petition—rather than challenging the validity of the trust—related to the administration of the trust. The court ruled the siblings had not shown issue or claim preclusion, as they had neither identified an issue previously decided that would prevent the grandchildren from prevailing on their petition nor did they establish the claims from the first and second action were the same.

In July 2017, the grandchildren filed a motion for partial summary judgment. In it, they urged the court to invoke jurisdiction over the trust and order an accounting of the trust, to remove Marie and Marguerite as trustees for violating their fiduciary duties, and to appoint a special trustee for the purpose of wrapping up and distributing the trust.

The court took judicial notice of the first proceeding and the ruling that the grandchildren were 1/7 beneficiaries of the trust. It then concluded that, pursuant to Iowa Code section 633A.6101, the grandchildren were interested parties who could invoke the jurisdiction of the district court with respect to the internal affairs of the trust. Additionally, based on the ruling in the first action that Marie and Marguerite had violated their fiduciary duties as co-conservators by amending the

---

[2] The hearing was reported, but we do not have a transcript of the proceedings.

trust to remove the grandchildren,[3] the court removed both women as trustees. Teresa Smith, who was named by the trust, was then appointed as trustee. Finally, Marie was ordered to file her final report and accounting within thirty days of the court's ruling. The siblings appeal.[4]

## II. Standard of Review.

The parties disagree about the appropriate standard of review. "Even in an equity case we cannot finds facts de novo in an appeal from a summary judgment motion. Accordingly, our scope of review is on error." *Farm & City Ins. Co. v. Anderson*, 509 N.W.2d 487, 489 (Iowa 1993) (citation omitted).

## III. Discussion.

### A. First Action.

The siblings and trust maintain that the ruling of our court in the first action, *see Kerber*, 2016 WL 1696929, at *10, violated the due process rights of the trust, as it was not a named party.

First, they argue that the trust's rights were violated by lack of notice regarding the first action. The siblings do not provide any argument or supportive authority to establish they may collaterally attack the constitutionality of the first ruling now on appeal of the second action, after procedendo has issued in the

---

[3] Technically, they removed their sibling, Shirley, but as she was deceased, it effectively removed Shirley's children—the grandchildren—who were to receive her portion.
[4] The siblings and trust first filed an appeal from the denial of their motion for summary judgment. Later, they filed an appeal from the grandchildren's meritorious motion for partial summary judgment. Our supreme court issued an order stating the appeal from the ruling granting the grandchildren's motion for partial summary judgment was an appeal as a matter of right and "[a]ssuming without deciding the appeal [of the denial of the sibling's and trust's motion for summary judgment] is interlocutory and not appealable as of right, this court grants the appellants' application for interlocutory appeal." The court consolidated the two appeals and transferred the case to us.

appeal of the first ruling. *See, e.g.*, *Sanford v. Manternach*, 601 N.W.2d 360, 364 (Iowa 1999) ("Our prior case law is clear that a judgment is not subject to collateral attack except on jurisdictional grounds."). They also fail to include the necessary statement regarding error preservation. *See* Iowa R. App. P. 6.903(2)(g)(1) (requiring the appellant, in their argument section, to include "[a] statement addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided"). The trust concedes the district court did not issue a ruling on this argument. *See Peters v. Burlington N. R.R. Co.*, 492 N.W.2d 399, 401 (Iowa 1992) ("Ordinarily, issues must be raised and decided by the trial court before they may be raised and decided on appeal."). Moreover, they have provided no authority to support their underlying assumption that a trust has due process rights. The case they cite, a United States Supreme Court case, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 307 (1950), contemplated whether a New York banking statute providing that notice could be given to beneficiaries by publication in a local newspaper was incompatible with the Fourteenth Amendment. It does not address the rights of a trust. The siblings failed to pursue any interests of the trust in the first action; they sought further review of our ruling and were denied. The trust then failed to file a post-ruling motion in the second action, and it did not obtain a ruling on this issue from the district court.

Next, they maintain the court lacked personal jurisdiction over the trust. But personal jurisdiction can be waived. *See In re Estate of Falck*, 672 N.W.2d 785, 789 (Iowa 2003) ("Unlike personal jurisdiction, a party cannot waive or vest by consent subject matter jurisdiction"). "[W]here subject matter jurisdiction exists, an

impediment to the court's authority can be obviated by consent, waiver, or estoppel." *State v. Mandicino*, 509 N.W.2d 481, 483 (Iowa 1993) (emphasis removed). A ruling made without personal jurisdiction is voidable, not void. *Falck*, 672 N.W.2d at 790. And "[a] voidable judgment is not subject to a collateral attack." *Id.* at 791.

The siblings also assert the district court and our court lacked subject matter jurisdiction in the first action. We acknowledge that issues involving subject matter jurisdiction may be raised at any time. *Id.* at 789. But the siblings and trust do not offer any supportive authority or facts for their claim that the court lacked subject matter jurisdiction. "'Subject matter jurisdiction' refers to the power of a court to deal with a class of cases to which a particular case belongs. A constitution or legislative enactment confers subject matter jurisdiction on the courts." *Id.* (citation omitted). "The district court has exclusive, general, and original jurisdiction of all actions, proceedings, and remedies, civil, criminal, probate, and juvenile, except in cases where exclusive or concurrent jurisdiction is conferred upon some other court, tribunal, or administrative body." Iowa Code § 602.6101.

We do not consider this argument further.

**B. Statute of Limitations.**

The siblings and the trust maintain the grandchildren are barred from any interest or portion of the trust because they had to contest "the validity of the final trust as drafted . . . within one year." They maintain sections 633A.3108 and .3109 preclude the grandchildren's 2017 petition.

We agree with the district court that the claimed statute of limitations are not applicable here. Section 633A.3108 requires that an action "to contest the validity

of a revocable trust" be brought "no later than one year following the death of the settlor." Section 633A.3109 provides a limitation on a creditor's rights against a revocable trust. The grandchildren are neither contesting the validity of the trust nor are they creditors.

Rather, in this action, the grandchildren sought judicial intervention in the administration of the trust. *See* Iowa Code §§ 633A.6201 ("The administration of trusts shall proceed expeditiously and free of judicial intervention, except to the extent the jurisdiction of the court is invoked by interested parties or other exercised as provided by law."), .6202 (providing a number of actions a trustee or beneficiary can petition the court concerning). Such intervention can be sought at any time. *See id.* §§ 633A.6101(1) ("The district court sitting in probate has exclusive jurisdiction of proceedings concerning the internal affairs of a trust . . . and other actions and proceedings involving a trust and third persons. Such jurisdiction may be invoked by any interested party at any time."); .1102(10) (including "a beneficiary" in the definition of "interested person").

**C. Due Process Rights.**

Next, the siblings and trust argue, "The Iowa district court ignored Iowa law and violated the constitutional due process rights of the Teresa E. Kasparbauer Trust when it ordered that the [grandchildren] were entitled to a 1/7th share of the [trust] in granting appellees' motion for summary judgment."

While they characterize this as an argument against the court's rulings in this second action, we understand this to be an attempt at another collateral attack of the first ruling. And again, they have not included an explanation of how error was preserved on this issue. *See* Iowa R. App. P. 6.903(2)(g)(1). They have also

failed to include any legal authority to support their arguments. Insofar as the siblings and trust have raised a cognizable claim, we consider it waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also Baker v. City of Iowa City*, 750 N.W.2d 93, 102 (Iowa 2008) (refusing to consider an issue when a party cited no authority because "[i]n order to address this issue under these circumstances, we would be obliged 'to assume a partisan role and undertake the appellant's research and advocacy.'" (citation omitted)).

### D. Collateral Estoppel and Res Judicata.

The siblings and trust argue that the doctrine of collateral estoppel and res judicata bar the grandchildren from bringing their second action.

The doctrine of collateral estoppel, sometimes also called issue preclusion, "prevents parties from relitigating issues previously resolved in prior litigation if certain prerequisites are established." *Comes v. Microsoft Corp.*, 709 N.W.2d 114, 117 (Iowa 2006). "In general, collateral estoppel prevents parties to a prior action in which judgment has been entered from relitigating in a subsequent action issues raised and resolved in the previous action." *Id.* at 117–18. And while the "doctrine may be utilized in either a defensive or offensive manner, *see id.* at 118, here it is the siblings and trust that have a problem due to collateral estoppel.

They continue to argue that the grandchildren are not entitled to 1/7 of the trust, but a final ruling by this court has determined otherwise. *See Spiker v. Spiker*, 708 N.W.2d 347, 353 (Iowa 2006) (citing Restatement (Second) Judgments § 27 at 250 (1982) ("When an issue or fact of law is *actually litigated* and determined by a valid and final judgment, and the determination is essential

to the judgment, the determination is conclusive in subsequent action between the parties, whether on the same or a different claim.")). Rather than asking the court to relitigate their rights in relation to the trust, the grandchildren have based this second action—asking the district court to intervene in the administration of the trust—upon the prior ruling that they are, in fact, beneficiaries. Moreover, they rely upon the court's ruling in the first action that Marie and Marguerite breached their fiduciary duties as co-conservators to have them removed as trustees.

"The general rule of claim preclusion holds that a valid and final judgment on a claim bars a second action on the adjudicated claim or any part thereof." *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011). "Therefore, a party must litigate all matters growing out of the claim, and claim preclusions will apply not only to matters actually determined in an earlier action but to all relevant matters that could have been determined." *Id.* (altered for readability) (citations omitted). "Claim preclusion may preclude litigation on matters that parties never litigated in the first claim." *Id.*

The siblings and trust characterize the first lawsuit as a damages action brought by the grandchildren. They have repeatedly urged that the grandchildren failed to establish damages in their first action and that this second lawsuit is their attempt to get a second chance to do so. However, this second action does not involve a tort claim. Instead, the grandchildren—who after the first action are beneficiaries of the trust—are using the statutory power given to interested parties to involve the court in the administration of the trust. Part of this action includes asking the court to wrap up and distribute the assets of the trust—as the trust itself

provided—which will result in the grandchildren's receipt of some assets; but this does not make the second action one for damages.

Neither collateral estoppel nor claim preclusion prevent the grandchildren from bringing this second action.

**IV. Conclusion.**

Having considered each of the trust and sibling's claims insofar as we could ascertain they were properly preserved for our review and supported by legal authority, we find no error with the district court's ruling granting the grandchildren's motion for partial summary judgment and denying the sibling's motion for summary judgment.[5]  We affirm.

**AFFIRMED.**

---

[5] We received an affidavit of attorneys fees from the attorney for the siblings and trust. We do not award appellate attorney fees.