# IN THE COURT OF APPEALS OF IOWA

No. 22-1144
Filed August 30, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AMY LOIS RASMUSSEN,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Boone County, Stephen A. Owen,

District Associate Judge.


        Amy Rasmussen challenges the sentences imposed following her *Alford*

plea.  **AFFIRMED.**


        Martha  J.  Lucey,  State  Appellate  Defender,  and  Maria  Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Brenna  Bird,  Attorney  General,  Nick  Siefert  and  Kyle  Hanson,  Assistant

Attorneys General, and Kelly Lynch, Law Student, for appellee.


        Considered by Schumacher, P.J., Chicchelly, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**GAMBLE, Senior Judge.**

Amy Rasmussen pleaded guilty to two counts of assault causing bodily injury via an *Alford* plea[1] in exchange for the dismissal of a related simple misdemeanor charge. Rasmussen stipulated the minutes of testimony contained strong evidence that could establish guilt beyond a reasonable doubt and a jury could find her guilty. The minutes established that Rasmussen confronted three women outside city hall following a city council meeting. Rasmussen pushed L.H. over a wall resulting in injuries. She attacked A.B. causing her to fall to the ground. Once she was down, Rasmussen struck A.B. multiple times and kicked her causing injuries. Rasmussen admitted to police, "I kicked her ass" referring to A.B. H.S. was elbowed in the head and witnessed the assault on the other women.

Pursuant to a plea agreement, the State agreed to dismiss a separate charge of simple misdemeanor assault involving H.S. and Rasmussen agreed to the entry of a no contact order for H.S. in the case of the other two victims. The plea agreement provided the parties were free to argue at sentencing. The prosecutor recommended one year incarceration on each count with all but seven days suspended to be served concurrently followed by two years of probation. Rasmussen requested a deferred judgment and probation. The district court sentenced Rasmussen to one year on each serious misdemeanor count of assault causing bodily injury to be served consecutively for a term of two years in prison and entered no contact orders for all three women.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and voluntarily, knowingly, and understandingly agreeing to allow the court to consider such strong evidence of guilt in accepting the guilty plea).

Rasmussen now appeals claiming the district court considered improper factors at sentencing and otherwise abused its discretion when imposing sentencing. Rasmussen also challenges the district court's ability to impose a no contact order related to the dismissed simple misdemeanor charge.

"'Our review of a sentence imposed in a criminal case is for correction of errors at law.' We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (internal citations omitted). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citation omitted). Because we presume a sentence is valid, "[a] defendant must affirmatively show that the sentencing court relied on improper evidence to overcome this presumption of validity." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

First, we address good cause. Iowa Code section 814.6(1)(a)(3) (2022) requires defendants appealing from a guilty plea to any offense other than a class "A" felony establish good cause. Good cause is established when a defendant appeals the sentence imposed and that sentence is "neither mandatory nor agreed to in the plea bargain." *State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022) (quoting *Damme*, 944 N.W.2d at 100). And when a defendant brings multiple claims following a guilty plea, once one claim satisfies this requirement all of the defendant's claims are properly before this court for review. *Id.* That is because "[a]n appellate court either has jurisdiction over a criminal appeal or it does not. Once a defendant crosses the good-cause threshold as to one ground for appeal,

the court has jurisdiction over the appeal." *Id.* As Rasmussen contends the district court considered improper factors when reaching a sentencing determination, and the imposed sentence was not mandatory nor agreed to by the parties, she has crossed the good-cause threshold, and we consider all of her claims on appeal.

Moving on to the merits of Rasmussen's appeal, we address her first claim, that the district court abused its discretion in imposing sentencing. Rasmussen contends the district court improperly considered a victim impact statement from the would-be victim associated with the dismissed simple misdemeanor charge, H.S. *See* Iowa Code § 915.10(3) (limiting who qualifies as a "victim" for purposes of victim impact statements). While we agree that H.S. did not qualify as a victim for the purposes of providing a victim impact statement, we generally "trust that our district court, when weighing [victim impact] statements as part of the sentencing determination, will filter out improper or irrelevant evidence." *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998). However, when there is evidence the district court actually considered the statement for the purposes of sentencing, then we must vacate the sentence and remand for resentencing. *See State v. Matheson*, 684 N.W.2d 243, 244 (Iowa 2004) (determining the district court considered an impermissible victim impact statement because the court overruled an objection to its admission and nothing in the record suggested the court later concluded the statement could not be considered). Here, H.S. presented a victim impact statement over Rasmussen's objection, but the court explicitly stated it would "consider it only as it concerns the case regarding [H.S.] I do understand that there's going to be some ongoing matter, in terms of a no contact order." This demonstrated the court understood it could not consider H.S.'s statements for

purposes of sentencing Rasmussen on the two counts of assault causing bodily injury. Given this acknowledgment by the district court, we do not assume the court improperly considered the statement when reaching a sentencing determination.

Rasmussen also takes issue with the district court relying on her making "statements in the community, . . . taking pride in that consequence" and her "apparent pride in the offense and her lack of remorse" when reaching its sentencing determination. She contends this was based on unproven portions of the two victim impact statements given by A.B. and L.H. However, L.H. provided a screen shot of Rasmussen's social media post in which Rasmussen stated, "You run pretty well for a gimp!" and included an address and time that corresponded with L.H.'s location where L.H. had been walking with a cane as a result of her injuries from Rasmussen. We think it was permissible for the district court to consider the social media post to conclude Rasmussen lacked remorse and took pride in her assault of others. As to Rasmussen's claim that the district court relied on unproven allegations of harassment and domestic abuse contained in A.B. and L.H.'s statements, she has shown nothing to suggest the district court relied on those allegations and did not filter them out when making a sentencing determination, as we presume the district court does. *See Sailer*, 587 N.W.2d at 764; *State v. Olsen*, No. 19-1960, 2020 WL 5650580, at *4–5 (Iowa Ct. App. Sept. 23, 2020).

Rasmussen complains the district court did not consider the many letters written in support of her, the fact this was a first offense, or any other mitigating factor. Indeed, "[a] sentencing court is to consider any mitigating circumstance

relating to the defendant." *State v. Crooks*, 911 N.W.2d 153, 173 (Iowa 2018) (alteration in original) (quoting *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998)). But Rasmussen's complaints about the weight the district court placed on certain factors, whether complaining the court weighed certain factors too heavily or not enough, do not establish the district court abused its discretion. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). Likewise, to the extent Rasmussen complains that the district court did not adopt either party's sentencing recommendation and instead fashioned an independent sentence within the statutory limits, she cannot show the district court abused its discretion. *See State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) ("The sentencing court, however, is generally not required to give its reasons for rejecting particular sentencing options.").

The district court provided a thorough explanation of its reasons for rejecting the recommendations of counsel and for imposing the maximum sentence provided by law. The court considered all of the factors set forth in Iowa Code section 907.5 including the mitigating factors. We are satisfied the record supports the sentence. *See State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015) ("[A] district court did not abuse its discretion if the evidence supports the sentence."). The sentencing court did not abuse its discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.").

Next, we address Rasmussen's claim that the district court could not impose the no contact order with respect to H.S. As a result, she argues imposition of the no contact order amounted to an illegal sentence. She contends the court could not impose the no contact order because the court lacked subject matter jurisdiction even though she consented to the imposition of the no contact order. *See State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993) (recognizing subject matter jurisdiction cannot be waived by consent). In making such contention, she notes there was no adjudication of the simple misdemeanor charge related to H.S because it was dismissed as part of the plea agreement.

But Rasmussen conflates the concepts of subject matter jurisdiction and judicial authority. "A constitution or a legislative enactment confers subject matter jurisdiction on the courts." *State v. Weiderien*, 709 N.W.2d 538, 540 (Iowa 2006) (quoting *In re Est. of Falck*, 672 N.W.2d 785, 789 (Iowa 2003)). Iowa Code chapter 664A provides the district court subject matter jurisdiction to enter no contact orders against those guilty of a public offense referred to in section 664A.2(1). So the district court had subject matter jurisdiction to enter a no contact order.

The real crux of Rasmussen's claim is that the district court lacked *authority* to enter the no contact order on the dismissed charge. *See id.* But a party can consent to the court's authority. *Mandicino*, 509 N.W.2d at 483. Here, Rasmussen consented to the no contact order at sentencing and acknowledged that consent in her appellate brief. In exchange for the dismissal of the simple misdemeanor assault charge involving H.S., Rasmussen agreed the district court would enter a no contact order for H.S. in this case. This consent granted the district court

authority to issue the no contact order as part of the plea agreement. The State likens her consent to the no contact order to instances where a defendant consents to the payment of costs and fees associated with dismissed charges as part of a plea agreement. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (permitting parties to consent to payment of costs and fees for dismissed criminal charges as part of a plea agreement). We find the two instances to be similar, and the comparison reenforces our conclusion that Rasmussen was able to consent to the district court's authority to enter the no contact order even though it related to the dismissed charge. As a result, imposition of the no contact order did not result in an illegal sentence.

Because Rasmussen cannot demonstrate the district court abused its discretion in imposing sentencing or that her sentence was illegal, we affirm.

**AFFIRMED.**