STATE of Iowa, Appellee,

v.

Rodney MANDICINO, Appellant.

No. 93–98.

Supreme Court of Iowa.

Dec. 22, 1993.

Jeffrey A. Neary, Sioux City, for appellant.

Bonnie J. Campbell, Atty. Gen., Chris Odell, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Teri Ladwig, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

Defendant Rodney Mandicino complains of a self-inflicted wound. For reasons of his own he applied to have the period of his probation extended. The motion was granted, and Mandicino's probation was revoked during the extended period. We granted discretionary review in order for him to challenge the revocation on the ground that the district court lacked jurisdiction to extend his probation. We affirm.

In February of 1991 Mandicino pled guilty to a charge of second offense operating a motor vehicle while intoxicated. Iowa Code § 321J.2 (1989). He was sentenced to 360 days of incarceration (with 180 days suspended) and fined $940. Mandicino was also placed on probation for one year, commencing 20 February 1991. The court further

ordered him to undergo alcohol abuse treatment for one year. In March of 1991 Mandicino signed a "plan of restitution," establishing a payment schedule for his fines and costs.

In January of 1992, one month before the scheduled termination of the probation, on Mandicino's pro se application, the court granted a one-year extension of the probation. Mandicino's stated reason for his request was to provide more time to pay his fine.[1] The district court granted the application and extended the probation to February of 1993.

In March of 1992 Mandicino's probation officer filed a complaint of probation violation, alleging numerous infractions.[2] Mandicino, now represented by counsel, filed a motion to dismiss, arguing that the probation extension was unlawful. The district court denied the motion and revoked probation. The matter, now before us on Mandicino's appeal, challenges only the denial of the motion. The propriety of the revocation itself is not at issue.

Mandicino argues that the district court lacked subject matter jurisdiction to extend his probation. Although he sought the extension himself, Mandicino now asserts that he could not have waived subject matter jurisdiction.

■ Want of subject matter jurisdiction can be raised at any time. *State v. Ryan,* 351 N.W.2d 186, 187 (Iowa 1984). The State argues that Mandicino waived his right to complain about the extension because he knowingly applied for it. But subject matter jurisdiction is a statutory matter and cannot be waived by consent, waiver, or estoppel. *Id.* So, if the district court in fact lacked subject matter jurisdiction to extend the pro-

bation, Mandicino was powerless to consent to it or to waive his right to complain of the lack of it.

■ The flaw in Mandicino's position is in confusing subject matter jurisdiction for authority. Subject matter jurisdiction refers to the power of a court "to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention." *Christie v. Rolscreen Co.,* 448 N.W.2d 447, 450 (Iowa 1989); *City of Des Moines v. Des Moines Police,* 360 N.W.2d 729, 730–31 (Iowa 1985). Iowa Code chapter 907 clearly confers jurisdiction on the district court to hear cases concerning probation issues generally.

■ Subject matter jurisdiction should not be confused with authority. "A court may have subject matter jurisdiction but for one reason or another may not be able to entertain a particular case." *Christie,* 448 N.W.2d at 450. "In such a situation we say the court lacks authority to hear that particular case." *Id.* The importance of this distinction becomes evident when issues of waiver arise.

In *Christie* we questioned our earlier cases that had extended the right to challenge *authority* at any time. We noted:

Subject matter jurisdiction can be raised at any time.... The basis for extending the "at any time" rule to cases in which the court has subject matter jurisdiction but lacks authority to hear the particular case might be subject to question. But up to now our cases have so extended it. *See City of Des Moines,* 360 N.W.2d at 730. *But see, Superior/Ideal v. Oskaloosa Bd. of Revenue,* 419 N.W.2d 405, 409 (Iowa 1988) (Carter, J., concurring specially) [ (suggesting that, although subject matter juris-

---

**1.** That application provided in pertinent part:
I, understand that by requesting an extension of probation I am continuing the liabilities placed on me by the sentencing order of the court dated 2–13–91.

I further understand that until I have received my final discharge from the court, if I violate any rules of the probation agreement, my probation may still be revoked.

I hereby certify that this request for an extension of my probation is made voluntarily and with the full knowledge and understanding

of the benefits and liabilities that will be maintained as the result of said extension.

**2.** Mandicino is said to have failed to make scheduled appointments with his probation officer or notify him of an address change, failed to complete substance abuse treatment, was arrested for and pleaded guilty to a new criminal charge, gave five urine samples that were positive for marijuana, and paid only $220 towards his $940 in court-ordered obligations.

diction requirement is not subject to waiver, lack of authority should be) ].

*Christie,* 448 N.W.2d at 450.

We now take the step hinted at in *Christie.* We continue to hold that subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel. But where subject matter jurisdiction exists, an impediment to a court's *authority* can be obviated by consent, waiver or estoppel. The step we take is not inconsistent with views we previously expressed. *See McKim v. Petty,* 242 Iowa 599, 604, 45 N.W.2d 157, 159–60 (1950) (stating that "where a court has general jurisdiction of the subject matter a lack of jurisdiction of the particular case may be waived"). *See* 21 C.J.S. *Courts* § 62.

Because the trial court possessed the power to hear and determine the case against Mandicino and to grant and superintend probation, Mandicino's challenge really relates only to the court's authority to consider his request to extend probation. Mandicino remedied any defect in that authority by requesting the extension. The trial court was correct in denying the motion to dismiss.

**AFFIRMED.**