**STATE of Iowa, Appellee,**

v.

**Darryl DAVIS, Appellant.**

No. 97–1189.

Supreme Court of Iowa.

July 29, 1998.

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Kenneth R. Martens, County Attorney, and Fred Stiefel, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The defendant appeals the judgment and sentence imposed upon his conviction of driving while license revoked in violation of Iowa Code section 321J.21 (1995). He maintains the district court did not have jurisdiction to enter a judgment against him because it did not enter a formal order approving the amended trial information. We affirm.

## I. Background Facts and Proceedings.

In September 1996, the defendant, Darryl Davis, was charged by trial information with driving while his license was suspended for failure to file proof of financial responsibility in violation of Iowa Code section 321A.32(1) and with eluding or attempting to elude a police officer in violation of Iowa Code section 321.279. However, following a pretrial conference, a report (signed by both the prosecuting attorney and defense counsel) was filed stating that the defendant would stipulate at trial that his driver's license had been revoked pursuant to Iowa Code chapter 321J at the time of the offense and he would not object to an amendment of the trial information to include a violation of that statute.

The State then filed an amendment to the trial information to allege a violation of section 321J.21 (driving while license revoked). The amendment stated the defendant had agreed to the amendment at the pretrial conference and did not object to it. The State also filed an application to dismiss the charge of eluding. The court entered an order dismissing the eluding offense; however, it never entered an order approving the amendment of the trial information.

One of the State's exhibits at the June 1997 trial was the parties' stipulation that the defendant's motor vehicle license had been revoked. At no point before or during the trial did the defendant object to the State's amendment of the trial information.

The jury found the defendant guilty of driving while his license was revoked. The court sentenced defendant to serve 120 days in jail and ordered him to pay a $250 fine, a surcharge, and court costs.

## II. Arguments.

On appeal, the defendant argues the district court did not have jurisdiction to enter a judgment against him because it never entered an order approving the amended trial information. The defendant relies on Iowa Rule of Criminal Procedure 4(8)(a) which provides that the "court may ... order" the amendment of an indictment or information. Because the court in this case never entered an order approving the State's amendment, the defendant claims he was never formally charged with violating section 321J.21 and the court did not have jurisdiction to enter a judgment thereon.

Among other things, the State disputes that the defendant has preserved error because he failed to raise any challenge to the alleged defect prior to or during the trial. It claims the defendant stipulated to the amendment and has waived error. The defendant maintains that the issue of subject matter jurisdiction can be raised at any time.

## III. Subject Matter Jurisdiction, Authority, and Error Preservation.

In *State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993), we explained the distinction between the court's subject matter jurisdiction and authority as it relates to issues of waiver. "Subject matter jurisdiction refers to the power of a court 'to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention.'" *Id.* (quoting *Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989)). "A court may have subject matter jurisdiction but for one reason or another

may not be able to entertain a certain case." *Christie,* 448 N.W.2d at 450. Subject matter jurisdiction may not be conferred by consent, waiver or estoppel. *Mandicino,* 509 N.W.2d at 483. However, if subject matter jurisdiction exists, an impediment to the court's authority can be obviated by consent, waiver or estoppel. *Id.*

Clearly, the district court had subject matter jurisdiction, *the power,* to hear this criminal case. *See* Iowa Const. art. V, § 6 (the district court shall have jurisdiction in civil and criminal matters in such a manner as prescribed by law); Iowa Code § 602.6101 (1997) (the district court has jurisdiction of criminal actions and proceedings). Defendant's challenge, therefore, is to the court's authority to hear his case, an impediment that may be obviated by waiver, consent, or estoppel. *See Mandicino,* 509 N.W.2d at 483.

■ We find defendant waived any challenge to the amended trial information by failing to object to the amendment and by consenting to it. Defendant waived any objection to the trial information by failing to raise it earlier pursuant to Iowa Rule of Criminal Procedure 10(2)(b) (defenses and objections based on defects in the information must be raised before trial). *See State v. Hobson,* 284 N.W.2d 239, 241 (Iowa 1979) (objection that information was signed by assistant attorney general rather than county attorney was waived where not raised within time limitations of rule 10(2)(b)); *State v. Fortunski,* 200 Iowa 406, 407–08, 204 N.W. 401, 401 (1925) (objections to defects in trial information were waived by defendant's failure, prior to plea, to move to set aside information); *cf. State v. Japone,* 202 Iowa 450, 456, 209 N.W. 468, 471 (1926) (where the trial is conducted as though the amendment requested had been made, the objection that there was no formal amendment to an information will be deemed waived). Moreover, it appears from the record that defendant consented to the amendment as evidenced by the pretrial report signed by defense counsel and the defendant's stipulation that he was driving while revoked.

Although we have concluded defendant did not preserve error, we note that the purpose of an indictment or information, to apprise the defendant of the crime charged so that he or she may have the opportunity to prepare a defense, was accomplished in this case. *See State v. Grice,* 515 N.W.2d 20, 22 (Iowa 1994). The record shows the defendant did not object and consented to the amendment prior to trial and both the State and defendant presented evidence at trial as though the amendment was made. The defendant was apprised of the charge and was provided the opportunity to prepare a defense.

### IV. Conclusion

We conclude that the defendant has not preserved error on the issue of whether the district court had authority to enter the judgment against him. We affirm.

**AFFIRMED.**