# IN THE COURT OF APPEALS OF IOWA

No. 14-1842
Filed February 24, 2016

**HAROLD LEROY PAGE,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

 The applicant appeals the district court decision denying his request for postconviction relief from his convictions for first-degree murder and first-degree robbery. **AFFIRMED.**

 Erin M. Carr of Carr & Wright, P.L.C., Des Moines, for appellant.

 Harold L. Page, Fort Madison, appellant pro se.

 Thomas J. Miller, Attorney General, Kevin Cmelik and Mary A. Triick, Assistant Attorneys General, for appellee.

 Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Harold Page appeals the district court decision denying his request for postconviction relief (PCR) from his convictions for first-degree murder and first-degree robbery. We find the statute of limitations defense was not raised by the State and the district court erred by raising it sua sponte, Page has not met his burden to show he received ineffective assistance based on his claim postconviction counsel did not present an adequate record in the PCR trial as the court had the trial court record and, the issue of whether Page waived his right to counsel was decided on direct appeal and he cannot relitigate the issue. Finally, Page's claim the trial information was defective does not give rise to a finding the criminal trial court lacked subject matter jurisdiction.

## I.    Background Facts & Proceedings

On October 22, 1987, the State charged Page by trial information with murder in the first degree, in violation of Iowa Code sections 707.1 and 707.2 (1987), and robbery in the first degree, in violation of sections 711.1 and 711.2. The minutes of testimony were attached, which detailed the allegations Page pushed his way into the home of a drug dealer, Danny Zenor, fatally shot Zenor, and took some cash.

Prior to his criminal trial, Page indicated he wanted to represent himself but Thomas Isaac was appointed as stand-by counsel. Page stated he wanted Isaac to conduct voir dire. He also informed the court he wanted Isaac to cross-examine the State's witnesses. Before opening statements or the presentation of evidence, Isaac stated Page had written a note asking him to "take over the

entire trial." When questioned, Page stated, "I'm still going to retain my pro se." When asked for clarification, Page stated Isaac would question the witnesses, and if Page felt more questions should be asked he would do it himself.

The jury found Page guilty of first-degree murder and first-degree robbery. He was sentenced to life in prison. Page's convictions were affirmed on appeal. *State v. Page*, No. 88-611, 1990 WL 121606 (Iowa Ct. App. Jan. 25, 1990).

Page filed his present PCR application on July 12, 2010.[1] He claimed the district court did not have subject matter jurisdiction during the criminal proceedings because the trial information was defective, and his convictions and sentences should therefore be vacated. Page also claimed he had not adequately waived his right to counsel, and consequently, was denied his Sixth Amendment right to counsel.

The district court entered an order on November 3, 2014, denying Page's request for postconviction relief. The court found the issue concerning Page's right to counsel had been decided in the direct appeal and earlier postconviction proceedings, and could not be relitigated under the doctrine of res judicata. The court determined, "The court had subject matter jurisdiction to hear the criminal case against Page." The court additionally found the issue was time-barred under Iowa Code section 822.3 (2009). Page appealed the district court's decision denying his request for postconviction relief.

---

[1] This was Page's third application for postconviction relief. *See Page v. State*, No. 08-1104, 2009 WL 3337608, at *1 (Iowa Ct. App. Oct. 7, 2009) (noting the application under consideration was his second application).

## II.     Affirmative Defenses

Page claims the district court improperly relied upon the affirmative defenses of res judicata and the statute of limitations when those defenses were not raised by the State.  The State did not raise any affirmative defenses in its answer or in its post-hearing brief.

The rules of error preservation apply to the State, as well as an applicant in postconviction proceedings.  *DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002).  A defense based upon the statute of limitations found in section 822.3 should be raised by a responsive pleading or a motion to dismiss.  *See Davis v. State*, 443 N.W.2d 707, 708 (Iowa 1989).  A statute of limitations defense "is primarily an affirmative defense to be specially asserted in a separate division of the responsive pleading to the claim for relief."  *Pride v. Peterson*, 173 N.W.2d 549, 554 (Iowa 1970).  Because the statute of limitations defense was not raised by the State, the district court erred by raising it sua sponte.

We note the issue the district court identifies as the res judicata doctrine is actually the law of the case doctrine under the facts of this case.  Under the law of the case doctrine, a court does not reconsider what has already been decided in the same case.  *See State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012).  "Our decision on direct appeal is thus final as to all issues decided therein, and is binding upon both the postconviction court and this court in subsequent appeals."  *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009).

### III. Ineffective Assistance

Page claims he received ineffective assistance because his postconviction counsel did not present an adequate record to support his claims at the postconviction hearing. He claims the district court could not have reached the merits of his claim the trial information was defective as the trial information was not part of the record in the postconviction proceedings. He also claims postconviction counsel did not present a sufficient record to support his claim he did not adequately waive his right to counsel.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

The district court's ruling states, "The parties stipulated that this matter would be decided on the pleadings and the record from the underlying criminal case." Furthermore, in addressing the issue of subject matter jurisdiction the court noted the charges against Page in the trial information. The court was able to enter a ruling on the merits against Page on this issue, finding "The court had subject matter jurisdiction to hear the criminal case against Page."

We conclude Page has not met his burden to show he received ineffective assistance based on his claim postconviction counsel did not present an adequate record in the postconviction proceedings. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992) (noting a defendant has the burden to show by a

preponderance of the evidence counsel was ineffective). According to the court's ruling, the court had access to the record of Page's criminal trial.

### IV. Waiver of Counsel

In his pro se brief, Page claims he did not adequately waive his right to counsel at his criminal trial. He relies upon *Hannan v. State*, 732 N.W.2d 45, 53 (Iowa 2007), which stated,

> In order for the defendant to properly waive his right to counsel we have required courts 'to engage the accused in a colloquy sufficient to apprise a defendant of the dangers and disadvantages inherent in self-representation.' . . . A 'mere routine inquiry' is insufficient, and a 'penetrating and comprehensive examination' is necessary.

(Citations omitted). Page claims *Hannan* should be applied retroactively to the circumstances of his criminal trial held in 1988. He states the court did not conduct an adequate colloquy to determine whether he made a voluntary, knowing, and intelligent waiver of his right to counsel.

In Page's direct appeal he claimed, "no valid waiver of his right to the assistance of counsel occurred and his pro se representation resulted in a deprivation of his constitutional right to counsel." *State v. Page*, No. 88-0611, 1990 WL 121606 (Iowa Ct. App. Jan. 25, 1990). We said, "This court concludes Page abandoned his assertion of his right to self-representation and merely functioned as co-counsel. He was not deprived of his Sixth Amendment right to counsel as he was fully represented by attorney Isaac throughout the course of the proceedings." *Id.* Page cannot relitigate the issue of whether he waived his right to counsel.[2] *See Wycoff v. State*, 382 N.W.2d 462, 465 (Iowa 1986)

---

[2] This issue was also raised in a previous postconviction proceeding. *Page v. State*, No. 08-1104, 2009 WL 3337608, at *4 (Iowa Ct. App. Oct. 7, 2009). We stated, "Page

("Issues that have been raised, litigated, and adjudicated on direct appeal cannot be relitigated in a postconviction proceeding.").

Even if we determined the issue should be addressed because the State did not raise the law of the case doctrine as an affirmative defense, our conclusions on reviewing the record are the same as they were when we reviewed the record in 1990—while Page initially indicated he wanted to represent himself, he was represented by attorney Isaacs throughout the proceedings. "[W]hile a defendant has a right to waive the assistance of counsel and conduct his own defense, if stand-by counsel is appointed, the defendant 'remains free . . . to elevate stand-by counsel to a lead counsel role.'" *State v. Rater*, 568 N.W.2d 655, 661 (Iowa 1997) (citation omitted). Page has not shown he was denied his Sixth Amendment right to counsel.

### V.     Subject Matter Jurisdiction

Lastly, Page claims the district court did not have subject matter jurisdiction over his criminal trial because the trial information was defective. He claims the trial information failed to charge the offenses of first-degree murder and first-degree robbery because it did not include the elements of those offenses. Page claims, as a result, his convictions and sentences are void as the district court lacked subject matter jurisdiction.

A similar issue was addressed in *State v. Ambrose*, 861 N.W.2d 550, 561 (Iowa 2015), where a defendant claimed the district court lacked subject matter

---

takes issue with the district court's colloquy about standby counsel in his original trial and counsel's failure to raise it. This issue was raised and decided in his original appeal. *See State v. Page*, No. 88–611 (Iowa Ct. App. Jan. 25, 1988). Therefore, we will not revisit it." *Id.*

jurisdiction because the trial information did not adequately describe a crime.

The Iowa Supreme Court concluded:

> Subject matter jurisdiction can be raised at any time. *State v. Oetken*, 613 N.W.2d 679, 686 (Iowa 2000). However, the trial information in this case adequately described the proceeding as a criminal case, which is the type of case the district court has jurisdiction to hear and decide. *See State v. Yodprasit*, 564 N.W.2d 383, 386 (Iowa 1997) (citing Iowa Constitution art. V, § 6); *State v. Mandicino*, 509 N.W.2d 481, 482–83 (Iowa 1993). Ambrose impliedly acknowledged the criminal nature of the proceeding and the charges against him by failing to challenge any deficiency or uncertainty in the charges prior to trial. *See State v. Davis*, 581 N.W.2d 614, 616 (Iowa 1998) (citing Iowa R. Crim. P. [2.11(2)(b)]) (recognizing complaints over the sufficiency of charges need to be raised prior to trial); *State v. Hobson*, 284 N.W.2d 239, 241 (Iowa 1979) (same). The district court had subject matter jurisdiction.

*Ambrose*, 861 N.W.2d at 561.

We conclude the district court properly determined the trial court had subject matter jurisdiction to hear the criminal case against Page. Subject matter jurisdiction refers to a court's authority to hear a general class of cases. *Schrier v. State*, 573 N.W.2d 242, 244 (Iowa 1997). Page's complaints about the adequacy of the trial information concern the court's ability to hear his particular case and do not concern the court's ability to hear a general class of cases.

We affirm the decision of the district court denying Page's application for postconviction relief.

**AFFIRMED.**