# IN THE COURT OF APPEALS OF IOWA

No. 14-0670
Filed February 24, 2016

**EURIC FOUNTAIN,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.


Euric Fountain appeals the district court's summary dismissal of his application for postconviction relief. **AFFIRMED.**


Amanda Demichelis of Demichelis Law Firm, P.C., Chariton, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.


Considered by Danilson, C.J., Vogel, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Euric Fountain was convicted of first-degree murder in 1988. In July 2012 he filed this application for postconviction relief (PCR), his sixth application. Fountain alleged the trial information in his criminal case was defective, the jury instructions were erroneous, and the criminal court lacked subject matter jurisdiction. Fountain further claimed he was unaware of these challenges due to the ineffective assistance of his prior trial, appellate, and postconviction counsel. The district court rejected his claims in a well-reasoned and thorough opinion granting the State's motion for summary judgment. We affirm the PCR court's resolution of these issues without opinion. *See* Iowa R. App. P. 6.1203(a).

Fountain contends for the first time on appeal the criminal court "lacked authority" because the trial information was defective. Fountain alternatively argues his PCR counsel was ineffective in failing to raise this challenge to the criminal court's authority. We assume, without deciding, error has been preserved and address the merits of these two issues.

We review Fountain's challenge to the court's authority for correction of errors at law. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). We first note impediments to a court's authority may be obviated by waiver. *State v. Mandicino*, 509 N.W.2d 481, 482-83 (Iowa 1993) ("But where subject matter jurisdiction exists, an impediment to a court's authority can be obviated by consent, waiver, or estoppel."). The criminal court's subject matter jurisdiction is undisputed on appeal. To the extent Fountain now contends the criminal court lacked authority, he has waived this claim by failing to raise it earlier. *See Armstrong v. State*, No. 13-1930, 2015 WL 3884170, at *3 (Iowa Ct. App. June

24, 2015) ("A [challenge] to the sufficiency of the charges in a trial information is a challenge to the court's authority to hear a particular case and should be raised prior to trial.").

On his alternative claim, to demonstrate ineffective assistance of PCR counsel, Fountain must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted from that failure. *See State v. Schaer*, 757 N.W.2d 630, 637 (Iowa 2008). We review de novo. *Ennenga*, 812 N.W.2d at 701. We conclude Fountain's PCR counsel had no duty to present a challenge to the court's authority when such claim is outside the applicable three-year statute of limitations in Iowa Code section 822.3 (2013). *See State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003) (stating counsel has no duty to raise an issue that has no merit)*.

**AFFIRMED.**