# IN THE COURT OF APPEALS OF IOWA

No. 15-0510
Filed May 11, 2016

**DIONE LAMAR GRIGGS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

Dione Griggs appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., Vogel, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VOGEL, Judge.**

Griggs's 2005 conviction for robbery in the first degree was affirmed by this court in 2006. *See State v Griggs*, 05-1659, 2006 WL 3018234, at *1 (Iowa Ct. App. Oct. 25, 2006). His second application for postconviction relief (PCR),[1] filed on February 7, 2008, came on for hearing and was denied by the district court on November 14, 2011. The ruling was affirmed by this court. *See Griggs v State*, 12-0057, 2013 WL 1223641, at *1 (Iowa Ct. App. Mar. 27, 2013). Griggs's third application was filed on August 11, 2014, and came on for hearing on February 26, 2015. The State asserted the application was time-barred under Iowa Code section 822.3 (2013). The district court agreed and dismissed the application. Griggs appeals.

As the issues presented in this case are all legal in nature, we review for correction of errors at law. Iowa R. App. P. 6.907; *Veal v State*, 779 N.W.2d 63, 64 (Iowa 2010) (holding a claim under Iowa Code section 822.3 was legal in nature and reviewed for errors at law).

Although Griggs sets forth a number of reasons why the court erred in dismissing his most recent application for PCR, nothing he asserts provides an exception to the statute of limitations set forth in Iowa Code section 822.3. He claims the criminal trial court lacked subject matter jurisdiction over his case because of a defect in the trial information and the PCR court erred in not specifically addressing this claim.[2] Because he captions his claim as a challenge

---

[1] Griggs's first PCR application was filed in 2007 but was dismissed in 2008.

[2] Griggs complains the PCR court did not address this claim despite the fact it was raised in his PCR application, but we note no motion under Iowa Rule of Civil Procedure 1.904(2) was filed asking the PCR court to address this deficiency. Griggs asserts PCR

to the subject matter jurisdiction of the court, Griggs asserts he can raise it at any time. However, Griggs's claim is not a challenge to the subject matter jurisdiction of the criminal court. *See State v. Ambrose*, 861 N.W.2d 550, 561 (Iowa 2015) (noting a challenge to the subject matter jurisdiction of a criminal court is merely a question of whether the trial information "adequately described the proceeding as a criminal case, which is the type of case the district court has jurisdiction to hear and decide"). Griggs does not claim the trial information did not describe the proceeding below as criminal. Instead, he challenges the adequacy of the trial information to describe the facts or acts he committed that amounted to the charged offense. This is a challenge to the court's authority to hear Griggs's case, and a challenge to a court's lack of authority to hear a particular case can be obviated by consent, waiver, or estoppel. *State v. Mandicino*, 509 N.W.2d 481, 483 (Iowa 1993). Griggs has waived any challenge to the alleged deficiency in the trial information by failing to object prior to his criminal trial. *See State v. Davis*, 581 N.W.2d 614, 616 (Iowa 1998).

In addition, Griggs's challenge to his conviction based on his claim that the case of *State v. Smith*, 739 N.W.2d 289 (Iowa 2007), should be retroactively applied to his conviction, is likewise time-barred. *Smith* was decided in 2007; Griggs's three-year statute of limitation for PCR claims ran in 2009. *See* Iowa Code § 822.3. Griggs waited until 2014 to raise this claim in his third PCR application. Ineffective assistance of counsel is not an exception to the three-

___

counsel was ineffective for not filing such a motion. Because we conclude Griggs's challenge to the court's "subject matter jurisdiction" has no merit, we need not further address the issue of the effectiveness of PCR counsel's representation. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

year statute of limitations. *Dible v. State*, 557 N.W.2d 881, 884 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509 (Iowa 2003).

These challenges were raised for the first time in Griggs's third PCR application filed eight years after his conviction became final, and as such, we agree with the PCR court's ruling these challenges are time-barred because these concerns "regarding the legality of his convictions or sentence" could have been, and should have been, raised within the applicable statute of limitations. Therefore, we affirm the district court's ruling pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**