# IN THE COURT OF APPEALS OF IOWA

No. 19-1029
Filed May 13, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MONIQUE ANTOINETTE ROBINSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, James B. Malloy (deferred judgment) and Steven P. Van Marel (probation revocation), District Associate Judges.

Monique Robinson appeals the judgment and sentence entered for trespass causing injury and disorderly conduct after her probation was revoked. **AFFIRMED.**

John L. Dirks of Dirks Law Firm, Ames, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

In November 2017, Monique Robinson pled guilty to trespass causing injury and disorderly conduct. The district court deferred judgment and ordered Robinson to pay civil penalties, court costs, court-appointed attorney fees (if any), and a surcharge. The court placed Robinson on probation for one year, ordering her to pay the probationary supervision fee as a condition of probation. Still owing over $1000 in court costs and probation fees in October 2018, Robinson wrote the court to ask for an extension of her probation, which the court granted until April 2019.

The State applied to revoke Robinson's probation in December 2018. Robinson admitted she violated the terms of her probation by committing the offense of possession of heroin with intent to deliver in August 2018. The court revoked Robinson's probation and entered judgment on trespass causing injury and disorderly conduct, imposing concurrent seven-day jail sentences.

Robinson challenges her probation revocation.[1] She alleges the court imposed an illegal sentence because she was not lawfully on probation at the time the State applied to revoke it. We may review an illegal sentence at any time, and we do so for correction of errors at law. *See State v. Zarate*, 908 N.W.2d 831, 840 (Iowa 2018). Acknowledging an error-preservation issue because this issue was never raised in the district court, Robinson also alleges her trial counsel was

---

[1] Because disorderly conduct is a simple misdemeanor, which is not appealable as a matter of right, our supreme court granted discretionary review. *See* Iowa Code § 814.6 (2020).

ineffective[2] in failing to challenge the validity of her probation extension. We review ineffective-assistance claims de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

Iowa Code section 907.7 (2018) addresses the length of probation. Although the court determines the probationary period based on the goals of sentencing based on the established sentencing factors, the initial length of probation for misdemeanor offenses can be no less than one year and no more than two years. *See* Iowa Code § 907.7(1), (2), (4). The court may reduce the length of probation if the court find its purposes have been fulfilled. *See id.* § 907.7(3). But the court can extend the length of probation only if a defendant violates its terms. *See id.* §§ 907.7(1) ("The period of probation may be extended for up to one year including one year beyond the maximum period as provided in section 908.11."), 908.11(4) (allowing the court to continue probation if the State establishes a violation of the terms of probation). Robinson argues the court had no authority to extend her probation because the State never established a violation before the original term expired.

The facts here are similar *State v. Mandicino*, 509 N.W.2d 481 (Iowa 1993). In *Mandicino*, the defendant applied for an extension of his probation one month before it was set to expire to provide him more time to pay his fine, which the district court granted. 509 N.W.2d at 482. When the State later filed a complaint of probation violation, the defendant moved to dismiss, arguing the extension was

---

[2] A recent amendment to Iowa Code section 814.7, stating that ineffective-assistance claims "shall not be decided on direct appeal from the criminal proceedings," does not apply to judgments entered before July 1, 2019. *See State v. Gordon*, ___ N.W.2d ___, ___, 2020 WL 2090108, at *4 (Iowa 2020).

unlawful. *Id.* Our supreme court held that although the district court was without authority to extend the probation, the defendant's request to extend probation waived any challenge to its authority. *See also State v. Canas*, 571 N.W.2d 20, 23 (Iowa 1997) ("[B]y requesting a two-year extension Canas waived his objection to the extension."); *State v. Workman*, No. 06-0151, 2007 WL 1687506, at *2 (Iowa Ct. App. June 13, 2007) ("Thus, because Workman requested the probation extension he has waived any challenge to it on appeal."). "We are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). Because Robinson requested the extension, she waived any objection to it, and her counsel was not ineffective in failing to raise this issue below. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009).

For the first time on appeal, Robinson also challenges the validity of the probation extension itself. She argues the waiver was invalid because she was unrepresented by counsel and there is no record of a knowing and intelligent waiver or the district court's recognition of her self-representation. But the proper forum for challenging the validity of the extension was by certiorari or postconviction proceedings. *See State v. Iowa Dist. Ct. for Polk Cty.*, 581 N.W.2d 640, 644 (Iowa 1998) (holding that a defendant was precluded from challenging a probation extension for lack of due process or other legal error because the defendant failed to file a timely certiorari or postconviction petition). We decline to address the issue on appeal.

**AFFIRMED.**